1  Jeffrey G. Sheldon (SBN 67516)
   jgsheldon@usip.com
2  William D. Bowen (SBN 254398)
   william.bowen@usip.com
3  SHELDON MAK & ANDERSON PC
4  100 Corson Street, Third Floor                    JS-6
   Pasadena, CA 91103-3842
5  Telephone:  (626) 796-4000
   Facsimile:  (626) 795-6321
6

7  Anthony R. Zeuli (MN Bar 274884)
   tzeuli@merchantgould.com
8  MERCHANT & GOULD, P.C.
   3200 IDS Center
9  80 South 8th Street
   Minneapolis, MN  55402-2215
10 Telephone:  (612) 332-5300
   Facsimile:  (612) 332-9081
11

12 Attorneys for Plaintiff
   THE TORO COMPANY
13

14 Dariush Aldi  (SBN 204959)
   ADLI LAW GROUP P.C.
15 444 South Flower Street, Suite 1750
   Los Angeles, CA 90071
16 Telephone:  (213) 623-6546
   Facsimile:  (213) 623-6554
17

18 Attorneys for Defendant
   THE DÉCOR GROUP, INC. D/B/A NITE
19 TIME DECOR

20

21              **UNITED STATES DISTRICT COURT**

22            **CENTRAL DISTRICT OF CALIFORNIA**

23                      **EASTERN DIVISION**

24

25

26

27

28

---

[~~PROPOSED~~] ORDER FOR CONSENT JUDGMENT AND PERMANENT INJUNCTION

| | | |
|---|---|---|
| 1 | THE TORO COMPANY, | Case No. 5:13-CV-01645 JGB (OPx) |
| 2 | Plaintiff, | Hon. Jesus G. Bernal |
| 3 | vs. | **[PROPOSED] ORDER FOR CONSENT JUDGMENT AND PERMANENT INJUNCTION** |
| 4 | THE DECOR GROUP, INC. d/b/a NITE TIME DECOR | |
| 5 | | |
| 6 | Defendants. | Complaint Filed:      09/19/2013 |
| 7 | | Discovery Cutoff:    n/a |
| | | Pretrial Conference: n/a |
| 8 | | Trial Date:          n/a |

In accordance with the Stipulation for Consent Judgment and Permanent Injunction entered into by and between Plaintiff The Toro Company ("Toro"), and Defendant The Décor Group, Inc. d/b/a Nite Time Décor ("TDG") (collectively, the "Parties") pursuant to the Parties' settlement of this matter, the Court hereby makes the factual findings below and enters judgment as follows:

## JURISDICTION

1. The Court has jurisdiction over the subject matter in this dispute and over Plaintiff Toro and Defendant TDG. Toro and TDG have admitted those allegations of the Complaint necessary for the Court to find jurisdiction, venue, factual basis, and legal basis for entry of this Consent Judgment and Permanent Injunction and for the enforceability of this Consent Judgment and Permanent Injunction.

## PLAINTIFF AND ITS PATENT RIGHTS

2. Toro represents that it owns all right, title, and interest in the issued U.S. Patent Nos. D495,079; D518,909; D590,979; D519,662; D551,789; D550,877; and D563,588 ( the "Toro Patents"). The Toro Patents are valid and enforceable in all respects.

## DEFENDANT'S ACTS

3. TDG has imported, used, sold and/or offered for sale the following products that Toro has accused of infringing the Toro Patents: Spot Light, Wall Washer, Mini Wall Washer and Eyelid (the "Accused Products"), photos of which are attached hereto as Exhibit A.

4. Toro, through its attorneys, filed the Complaint on September 13, 2013 ("Complaint") against TDG alleging that the Accused Products infringe the Toro Patents.

//
//
//

Based on the above findings and judgment, the Court hereby orders as follows:

Effective June 1, 2014, and continuing thereafter uninterrupted until the corresponding expirations of the Toro Patents or until such time that a court finds the Toro Patents to be invalid and/or unenforceable after all appeals are exhausted:

(A) Defendant TDG, together with Nite Time Décor, their officers, directors, principals, agents, employees, successors and assigns, having notice of this Order are enjoined and restrained from (i) making, using, selling, offering for sale or importing into the U.S., and (ii) knowingly permitting others to make, use, sell, offer for sale or import into the U.S., the Accused Products.

(B) Defendant TDG, together with Nite Time Décor, their officers, directors, principals, agents, employees, successors and assigns, having notice of this Order are responsible for compliance with the injunction set forth in paragraph (A).

(C) This consent judgment cannot be used in any way against TDG, their officers, directors, principals, agents, employees, successors and assigns in any future dispute concerning products other than the Accused Products between Toro and TDG.

**IT IS SO ORDERED.**

DATED: March 13, 2014

The Hon. Jesus G. Bernal
United States District Judge